UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL STEVEN MASSOLETTI,  No. 11-10613

                              Debtor(s).
_____/

JOAN BROWN, et al.,

                              Plaintiff(s),

     v.  A.P. No. 11-1162

MICHAEL STEVEN MASSOLETTI,

                              Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       In this adversary proceeding, plaintiffs Joan Brown, et al., seek to determine that their claims against Chapter 7 debtor and defendant Michael Massoletti are nondischargeable pursuant to § 523(a)(2), (4) or (6) of the Bankruptcy Code. Massoletti has moved for dismissal, as the complaint was filed late.

       The court begins its analysis by pointing out the incompetence of plaintiffs' counsel. Not only was the complaint filed late, but the only argument made by plaintiffs is just plain wrong. The time

1

limit for this action is set forth in Rule 4007(b) of the Federal Rules of Bankruptcy Procedure. The only argument made by plaintiffs is that their counsel's conduct is excusable neglect. However, excusable neglect is *specifically excluded* from application to matters governed by Rule 4007(b) by Rule 9006(b)(1). The court has no discretion to allow a late dischargeability action, even where excusable neglect is shown. *In re Hill,* 811 F.2d 484, 487 (9th Cir. 1987). Moreover, plaintiffs' counsel has completely failed to find the applicable Ninth Circuit law on the issue. It appears that said counsel, Chapman, Popik and White LLP and David Nied, have violated and continue to violate Rule 3-110(A) of the California State Bar Rules of Professional Conduct by failing to act remotely competently. The court will initiate separate disciplinary proceedings and will direct the Clerk to transmit a copy of this Memorandum and any resulting order to the California State Bar.

The facts are simple. Massoletti filed his Chapter 7 petition on February 22, 2011. May 23, 2011, was fixed as the last day to file dischargeability actions of this type. Chapman, Popik and White LLP was duly scheduled and received timely notice. On May 20, 2011, these lawyers filed a complaint on behalf of plaintiffs in the base case, without a filing fee.[1] The same day, a deputy clerk noted the mistake and made an appropriate docket entry which was immediately transmitted electronically to counsel. In addition, the clerk CALLED attorney Nied and told him about the mistake. Despite knowing about the mistake in plenty of time to correct it, Nied incredibly waited until May 25, 2011, to file a proper complaint. Hence Massoletti's motion to dismiss.

As noted above, the court cannot allow a late dischargeability action due to excusable neglect. Moreover, Nied's conduct was gross, inexcusable neglect in any event. The proper issue for the court to decide is whether the complaint in this case relates back to the improper filing.

In *In re Markus,* 268 B.R. 556 (9th Cir. BAP 2001), a creditor filed a motion in the base case purporting to object to the debtor's discharge. The time to file a proper complaint then expired.

---

[1] Rule 7001(6) of the Federal Rules of Bankruptcy Procedure requires a separate adversary proceeding.

2

Several weeks later, the creditor filed a complaint objecting to the debtor's discharge which the bankruptcy court dismissed as untimely. The Appellate Panel reversed, holding that the complaint related back to the timely, if procedurally improper, motion. The Ninth Circuit, in *In re Markus,* 313 F.3d 1146 (9th Cir. 2002), reversed the Appellate Panel. The Court of Appeals held that while an untimely complaint can relate back to a defective pleading filed before the deadline, in that case the earlier pleading was not sufficient in content to constitute fair notice of an intent to pursue the matters in the complaint. See also *In re Dominguez,* 51 F.3d 1502, 1508 (9th Cir. 1995).

      The complaint in this case, while largely without merit on its face,[2] is the same one erroneously filed in the base case and was sufficient to put Massoletti on notice that the dischargeability of his debt to plaintiffs was being challenged. It accordingly relates back to the defective filing. Thus, no thanks to Nied and his law firm, the motion to dismiss must be denied.[3] Either side may submit an appropriate form of order. As noted above, the court will commence separate disciplinary proceedings.

Dated: August 1, 2011

                                                                             Alan Jaroslovsky
                                                                            U.S. Bankruptcy Judge

---

[2] Counsel for plaintiffs are directed to review *In re Honkanen,* 446 B.R. 373 (9th Cir. BAP 2011). Counsel also may want to research plaintiffs' right to a jury trial.

[3] In keeping with their demonstrated lack of bankruptcy ability, counsel for plaintiffs do not understand the difference between a complaint to determine the dischargeability of a debt (governed § 523 of the Bankruptcy Code and Rule 4007) and an objection to discharge (governed by § 727 and Rule 4004). Since the complaint does not state a claim for denial of discharge, the duly entered discharge will not be vacated. To the extent plaintiffs' nonsensical "Motino [sic] for an order Nunc Pro Tunc to Correct the Filing Date" seeks such relief, it will be denied.

3